IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE JUSTEEN MANCHA
through her Next Friend Maria
Christina Martinez, et al.,

    Plaintiffs,

      v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-2650-TWT

## OPINION AND ORDER

This is a civil rights class action.  It is before the Court on the Defendants'

Motion to Dismiss Counts I and II of the Plaintiffs' Amended Class Action Complaint

[Doc. 54].  For the reasons stated below, the Defendants' motion is GRANTED.

## I.  Background

In September 2006, the United States Department of Homeland Security,

Immigration and Customs Enforcement ("ICE"), conducted an immigration

enforcement operation in southeastern Georgia.  The operation targeted illegal aliens

working at the Crider Poultry plant in Stillmore, Georgia.  The Plaintiffs allege that

ICE agents entered their homes without warrants and detained them without probable

cause because of their ethnicity.  As a result, the Plaintiffs brought suit against the

Defendants, in their individual and official capacities, alleging that the Plaintiffs were racially profiled, harassed, and discriminated against in violation of the Fourth and Fifth Amendments to the United States Constitution.

In Counts I and II, the Plaintiffs Marie Justeen Mancha, Maria Christina Martinez, Ranulfo Perez, Maria Margarita Morales, and Gladis Alicia Espitia brought claims for "injunctive and declaratory relief on behalf of the proposed class against Defendants to redress continuing and future violations" (Amended Complaint ¶ 84) of the Fourth and Fifth Amendments.  The Plaintiffs contend that the Defendants have "implemented, enforced, encouraged and/or sanctioned a policy, practice, and/or custom of targeting people who appear to be of Mexican, Latino or Hispanic descent or appearance."  (Amended Complaint ¶ 85).  As part of this policy and practice, the Defendants have been "(a) entering and searching their homes without valid warrants or voluntary consent and in the absence of probable cause and exigent circumstances in violation of the Fourth Amendment to the United States Constitution; and (b) stopping, detaining, investigating, searching and effecting seizures in the absence of a reasonable, articulable suspicion of unlawful activity or probable cause in violation of the Fourth Amendment to the United States Constitution."  (Amended Complaint ¶ 85).  They further allege that "[b]ecause the Plaintiffs cannot avoid being of Mexican, Latino, or Hispanic descent or appearance, and because the Defendants

continue to implement their unconstitutional policy, practice, and/or custom, the Plaintiffs and those similarly situated are faced with a real and substantial threat of future injury if an injunction is not issued to stop the Defendants' continuing conduct."   (Amended Complaint ¶¶ 87, 98).   The Defendants have filed this Motion to Dismiss Counts I and II [Doc. 54].   They argue that the Amended Complaint fails for lack of subject matter jurisdiction, and fails to state a claim upon which relief may be granted.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely."  Twombly, 127 S. Ct. at 1965 (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)

(noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III.  Discussion

Article III of the Constitution commands that the judicial power of the United States shall extend only to "cases" and "controversies."  A party has standing within the meaning of Article III when it establishes three elements: (1) injury; (2) causation; and (3) redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Unless a party can meet these standing requirements, a federal court has no jurisdiction to hear the case.

A prayer for injunctive and declaratory relief requires an assessment of whether the plaintiff has sufficiently shown a real and immediate threat of future harm.  See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).  "The binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be imminent." Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006).  The focus of the inquiry is on prospective conduct.  Therefore, it follows that past exposure to illegal

conduct does not in itself show a present case or controversy regarding injunctive relief "if unaccompanied by any continuing, present adverse effects." Id.  There must be a credible threat that the injury will be repeated imminently to justify declaratory or injunctive relief.  Id. at 1208.

In this case, the Plaintiffs have not shown a real and immediate threat of future harm.  At best, they have alleged facts showing a past injury.  The allegations with respect to a policy of discriminating against Latinos do  not allege a future injury that is imminent and concrete enough for judicial consideration.  Id. at 1206.  It has been more than a year since the September 2006 enforcement activities.  There is no claim by the Plaintiffs that anything similar has happened here in Georgia.  The alleged threat of future harm is too abstract, hypothetical and speculative to constitute a  case and controversy authorizing the exercise of subject matter jurisdiction under Article III.

The Plaintiffs' claims for equitable relief also fail to satisfy the redressability requirement.  Generally, a plaintiff establishes redressability where it is "likely, as opposed to merely speculative, that the injury will be *redressed* by a favorable decision."  Lujan, 504 U.S. at 561.  But, "[i]t is well-established in this circuit that an injunction demanding that a party do nothing more than 'obey the law' is impermissible."  Elend v. Basham, 471 F.3d 1199, 1209 (11th Cir. 2006).  The

Defendants argue that the Plaintiffs' request for injunctive relief is impermissible because it merely calls for an abstract order commanding the Defendants to "obey the law." See Elend, 471 F.3d at 1209.  Therefore, the injury is not redressable.

The Plaintiffs are, in essence, asking the Court to require the Defendants to stop engaging in "unreasonable searches and seizures" and to "stop discriminating." The Plaintiffs contend, however, that "the obligation to provide reasonable detail applies only to the order for injunctive relief and does not mean that plaintiff must be any more specific in drafting the complaint than generally is required by Rule 8." 11A Wright, Miller, & Kane, Federal Practice and Procedure § 2955 (2d ed. 1995). Indeed, Rule 65(d) of the Federal Rules of Civil Procedure applies to only "order[s] granting an injunction."

Even if Rule 65(d), by itself, is not a concern at the pleadings stage, standing is always a concern at any stage of the case.  Rule 65(d) limits the type of relief that a court is legally authorized to provide.  Since the federal rules prohibit certain types of remedies, namely vague injunctions, they obviously bear on the question of whether an injunction can redress the injury.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) ("As this injunction would do no more than instruct the City to 'obey the law,' we believe that it would not satisfy the specificity requirements of Rule 65(d) and that it would be incapable of enforcement.").

In my view, the Plaintiffs' request for relief is little more than a demand that the Court require the Defendants to obey the law. The Supreme Court's Fourth Amendment line of case law requires intensely case-specific determinations about the "reasonableness" of particular searches and seizures. The Fifth Amendment requires courts, especially in the context of allegations of racial discrimination, to apply a case specific balancing test. An injunction that merely said, "stop unreasonably seizing Hispanics," would provide little utility to the Plaintiffs, as it would require a case-by-case assessment of reasonableness in order to enforce it. See Elend, 471 F.3d 1199, 1209 ("Plaintiffs also fail the standing requirements because the putative injury lacks redressability. First, the inchoate nature of the claim provides an insurmountable obstacle for a court to fashion an injunction that accomplishes anything beyond abstractly commanding the Secret Service to obey the First Amendment.").

Furthermore, due process concerns may limit the power of the Court to fashion an injunction that merely requires the Defendants to obey the law. A vague and open-ended injunction might pose an unnecessary burden on the Defendants who would face an additional threat of contempt sanctions for violating a law that they were already supposed to follow. To the extent that the Plaintiffs have misstated their claim for relief, and in fact,  hope for a more specific type of injunction than the one they

have raised in the complaint, the request for declaratory and injunctive relief in Counts I and II should be dismissed, but without prejudice.

IV. <u>Conclusion</u>

The Defendants' Motion to Dismiss Counts I and II of the Plaintiffs' Amended Class Action Complaint  [Doc. 54] is GRANTED.  The request for declaratory and injunctive relief in Counts I and II are DISMISSED without prejudice.

SO ORDERED, this 3 day of December, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge