# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARIE JUSTEEN MANCHA,** *et al.*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**IMMIGRATION AND CUSTOMS** )<br>**ENFORCEMENT,** *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Case No. 1:06-cv-2650-TWT |

**MOTION FOR ENTRY OF PROTECTIVE ORDER AND TEMPORARY STAY OF DEPOSITION NOTICED PURSUANT TO RULE 30(b)(6)**

COMES NOW the United States of America, Defendant in the above-captioned matter, and respectfully requests the Court to enter a protective order in this case, pursuant to Rule 26(c), from Plaintiffs' Notice to Take Deposition Upon Oral Examination [Doc. 122] pursuant to Rule 30(b)(6), and to enter a temporary stay from said deposition until the Court has the opportunity to rule, for the reasons set forth in the accompanying memorandum of law.

Respectfully Submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

/s/ Alonzo H. Long
ALONZO H. LONG
ASSISTANT U.S. ATTORNEY

```
                              600 U.S. Courthouse
                              75 Spring St., S.W.
                              Atlanta, Georgia 30303
                              (404) 581-6067
                              (404) 581-6150 (fax)
                              Georgia Bar No. 402502
```

# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARIE JUSTEEN MANCHA**, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:06-cv-2650-TWT |
| ) | |
| **IMMIGRATION AND CUSTOMS** ) | |
| **ENFORCEMENT**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER AND TEMPORARY STAY OF DEPOSITION NOTICED PURSUANT TO RULE 30(b)(6)**

The United States of America, defendant in the above-captioned matter, respectfully submits this memorandum of law in support of the Motion for Entry of Protective Order from Plaintiffs' Notice to Take Deposition Upon Oral Examination pursuant to Rule 30(b)(6).

I.   PROCEDURAL POSTURE

On April 11, 2008, the Court held a hearing in chambers after which it ordered discovery to begin in the above-captioned case. *See* Doc. 114.  Shortly thereafter it entered an Order to that effect.  Doc. 117.  The purpose of the discovery as expressed by Plaintiffs' counsel was to enable them to learn the identity of the "John Doe" defendants. *See* Motion for Status Conference Doc. 99, p. 2 ("[I]t is unclear whether the Plaintiffs may now proceed with discovery to learn the identities of the John Doe defendants and to

otherwise prosecute their remaining claims.")[1]

The United States, defendant with respect to the FTCA claim, inquired of the Court whether it would enter an Order limiting the scope of discovery, given that Bivens claims have been raised against the "John Doe" defendants and permitting unlimited discovery could prejudice any immunities to which those defendants might be entitled should they be identified and named as party-defendants. The Court declined to issue a blanket Order at that time but noted that the United State would be permitted to apply for a protective order during the course of discovery, should that need arise.

Plaintiffs subsequently served a Notice of 30(b)(6) deposition which seeks testimony from ICE about various matters which address matters well beyond the scope of the identities of the "John Doe" defendants. In addition, the Notice is objectionable on a number of other grounds, as set forth below. The undersigned counsel delivered notice of the objections and a proposal for resolving them to Plaintiffs' counsel. However, the parties were not able to resolve the matter. A certification of such efforts is attached.

## II. ARGUMENT

Rule 1 of the Federal Rules of Civil Procedure ("FRCP") states that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." *Id*. In addition, a district court is vested with wide discretion to make orders for the protection of parties and deponents in connection with the

---

[1] The only claim remaining aside from the "John Doe" claims is the newly filed FTCA claim for which an answer in not yet due.

taking of depositions on oral examination, as justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c)(1); *see also Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

"If a party objects to opposing counsel's manner of conducting discovery, including depositions, the proper remedy is to seek a protective order." *McDonald v. Cooper Tire & Rubber Co.*, 186 Fed.Appx. 930, 931-32 (11th Cir. 2006) *citing Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1325 (11th Cir. 2002). Rule 26(c)(1) allows for a protective order precluding any type of discovery for good cause shown. *Id.* The party requesting a protective order must make a specific demonstration of facts in support of the request. A court must balance the interests of the parties in determining whether good cause exists. *See Farnsworth*, 758 F.2d at 1547.

As an initial matter, Defendants note their understanding that the Court's purpose of permitting Plaintiffs to engage in discovery in this case, in which there are claims remaining against only one remaining party-defendant which has not yet served an answer or otherwise responded to the complaint, was for Plaintiffs to learn the identities of the "John Doe" defendants. That matter is addressed in paragraphs 1 thru 4 of Attachment B, to which no objection is posed herein.

The United States did not, however, understand the Court to permit wholesale discovery on Plaintiff's "John Doe" claims prior

-3-

to any defendants being named or permitted to assert any immunities to which they may be entitled. *See e.g. Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 2156 (2001) ("[qualifeid immunity] is an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *see also Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

While the Court declined to issue a blanket order when this point was raised during the conference in chambers on April 11, 2008, leave was granted for the United States to seek a protective order during the course of discovery. Such an order is sought now. For the above reasons, Defendant seeks entry of a protective order quashing the notice to the extent that it seeks to examine on any matters addressed in paragraphs 5 thru 15 of Attachment B.

Furthermore, with regard to the listing of specific areas identified for examination, Plaintiffs preface such listing by inserting the phrase "including but not limited to." *Id*., p. 5. This specific language, as used in notices of deposition under FRCP 30(b)(6), has consistently been held by courts to render the notices overbroad and in violation of the requirement that the matters upon which examination is sought be "describe[d] with reasonable particularity." *Id*.; *see e.g. Reed v. Bennett*, 193 FRD 689, 692 (D.Kan. 2000);[2] *Tri-State Hosp. Supply Corp. v. U.S.*, 226

---

[2] "The court finds plaintiff's Rule 30(b)(6) notice to be overbroad. Although plaintiff has specifically listed the areas of inquiry for which a 30(b)(6) designation is sought, she has indicated that the listed areas are not exclusive. Plaintiff broadens the scope of the designated topics by indicating that the areas of inquiry will "includ[e], but not [be] limited to" the

-4-

F.R.D. 118, 125 (D.D.C. 2005); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002). The inclusion of such language in the instant notice "subjects the noticed party to an impossible task," rendering the notice defective. 193 FRD at 692. Defendant, therefore, seeks entry of a protective order quashing the notice.

In addition to the Notice being objectionable on the foregoing grounds, it is also objectionable on the following specific grounds. In ¶ 5 of Attachment B, Plaintiffs seek examination on:

> The existence and location of any and all documents, memoranda of understanding, memoranda of agreement, and other correspondence between ICE and federal, state, and local law enforcement agencies and officers that referenced <u>or were in effect</u> during the immigration enforcement actions at Crider Poultry, and in the surrounding communities, in or about September 2006.

*Id.* (emphasis added). Discovery is generally limited to any non-privileged matters "relevant to the claim or defense of any party." FRCP 26(b)(1).[3] The identification in the notice of matters concerning the "existence and location" of certain documents which "referenced" the stated enforcement actions, might reasonably be construed as meeting that requirement. However, requested

---

areas specifically enumerated. An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.* (citations omitted.)

[3] *See also* Advisory Committee Note to the 2000 Amendments ("Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims and defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.") *Id.*

-5-

examination on "any and all . . . documents . . . which were in effect" during a stated period of time, without limitation the request is so vague and broadly worded as to be capable of encompassing matters not reasonably related to claims or issues raised in the complaint. Defendant "cannot identify the outer limits of the areas of inquiry noticed [and] compliant designation is not feasible." *Reed*, 193 FRD at 692. If the intent of the objectionable language is to address matters of a more limited scope, that intent is not sufficiently expressed in the wording of the request to meet the specificity requirement of FRCP 30(b)(6). The request is, therefore, again, overbroad and lacking in "particularity" such that a witness or witnesses cannot reasonably be designated. Defendant seeks a protective order quashing this request or limiting the scope of the request by striking the phrase "or were in effect."

In paragraph 7 of Attachment B, Plaintiffs seek to examine on:

> Communications between and among Defendants, the unnamed ICE agents, and other law enforcement personnel involved in enforcement actions at Crider Poultry, and the surrounding communities, in or about September 2006.

*Id*. The term "communications" is not defined by the Notice, nor has other guidance been forthcoming from Plaintiffs since this objection was made known to counsel. Similar to the objection raised to the language contained in paragraph 5, the term "communication" is capable, in the absence of any definitive guidance, of being interpreted so broadly that the boundaries of the inquiry cannot be reasonably discerned such that a witness or witnesses may be designated.

-6-

Paragraphs 8 thru 13 of Attachment B are subject to objection on multiple grounds.  With regard to paragraphs 8(c)-(d), 10(c), and 11(d)-(e), the agency after investigation has been unable to identify any person who engaged in the conduct specified.[4]  This has been made known to Plaintiffs' counsel.[5]  Therefore, no witness can be designated by Defendant to testify on those matters.  The agency is attempting to ascertain whether this same objection is applicable to paragraph 9(b).[6]  Defendant seeks a protective order quashing those requests.

Additionally, certain requests made in paragraphs 8 thru 13 of Attachment B are, once again, couched in all inclusive language which fails to comply with the specificity requirement of FRCP 30(b)(6).  Those requests all seek examination of "[a]ny and all relevant information" including the existence and location of certain documents and "any other information related to" the

---

[4] Those paragraphs read as follows: ¶¶ 8: "c) The identity of the person or persons who gave the order to enter the residence; (d) The identity of the person or persons who gave the order to retreat from the residence;" ¶ 10: "(c) The identity of the person or persons who gave the order to stop Plaintiff Morales on Old Kenfield Road;" and ¶¶ 11: "(d) The identity of the person or persons who gave the order to enter the residence; (e) The identity of the person or persons who gave the order to retreat from Plaintiff Espitia's residence."

[5] *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 38 (D.Mass. 2001)("[I]f . . . the Fabiano sons still would not be able to testify as to some of the 30(b)(6) topics and there were no other available witnesses who could do so, Fabiano should have so informed Scarpa and Black Diamond well in advance of the scheduled depositions.")

[6] "(b) The identity of the person acting on behalf of ICE who seized and held Plaintiff Perez."

-7-

matters described therein.[7]

One problem with all such broad designations is that 30(b)(6) witnesses are placed in the position of having to prepare for examination on matters for which the parameters are not reasonably defined. This violates the specificity requirement of 30(b)6) and is extremely prejudicial to defendants considering that the witness may have no personal knowledge of the subjects upon which he or she is testifying. Rule 30(b)(6) depositions can thus be, and in this case presumably is being, used by the noticing party strategically and unfairly to position a case for trial or dispositive motion.

Furthermore, a 30(b)(6) designee's lack of preparation for a deposition may, under certain circumstances be deemed to be a "failure to appear," for purposes of Rule 37(d). *See Black Horse Lane Assoc.'s, L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000) ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)."); *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan. 1999) (same); *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C 1996). Given the extreme downside of the failure to be fully prepared, as well as the potential for prejudice and abuse in defining the scope of the examination, it is reasonable to request that, if the notice is not quashed altogether, Plaintiffs, at the very least, be required to accurately define the parameters of the matters upon which they

---

[7] *See* Notice, Attachment B, ¶¶ 8(f), 9(h), 10(f), 11(g), 12(e) & 13(e).

seek examination, and to allow more than ten (10) days for Defendants to prepare one or more witnesses for such an all encompassing interrogation.

The same objections to vagueness, overbreadth and lack of specificity heretofore made apply to paragraphs 14 and 15. Paragraph 14 identifies the matter upon which examination is sought at "[t]he existence and location of any and all documents related to the allegations in Plaintiffs' Second Amended Complaint." Paragraph 15, seeks examination upon "[t]he existence and location of any and all documents produced by Defendant in this litigation." In addition to vagueness, overbreadth and lack of specificity related to the phrase "any and all documents related to," most of the claims in the Second Amended Complaint have been dismissed. Plaintiffs make no attempt to tailor the request to those allegations which relate to viable claims, nor do they make any attempt to reasonably specify which of the allegations contained in the twenty-four pages will be subject to examination.

Regarding paragraph 15, again in addition to vagueness, overbreadth and lack of specificity, the scope of examination is not entirely clear. The identification of matters upon which examination is sought is phrased as "[t]he existence and location of any and all documents produced by Defendant in this litigation." No documents have been produced in this litigation by Defendants. If and when such documents are produced, they would be in Plaintiffs' possession. Under those circumstances, Defendant would be unable to produce a witness to testify about the matter. To the extent that this request is intended to pertain to other matters,

-9-

Plaintiffs have not sufficiently described those matters such that Defendant can identify same or determine whether a witness can be designated to testify.

Finally, with regard to the motion for a temporary stay of the deposition until the Court has the opportunity to fully consider the matter, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D.Fla. 2006), *quoting Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997). Given that the discovery period has only just commenced, there is no specific urgency which would override the Court's interest in having an adequate opportunity to arrive at a just determination.

The course of discovery upon which Plaintiffs have embarked, going beyond the identification of "John Does" as they initially requested, will result in claims of prejudice and other potential problems as individual Bivens defendants to be named later will be subjected to an ongoing discovery process in which they had no ability to participate or protect their interests. This is a more significant problem in Bivens litigation because the immunities to which such defendants may be entitled are not defenses but immunities from suit, which, as the Supreme Court has noted, are effectively lost if not considered at the earliest stages of the litigation.

Defendants submit to avoid such issues, the much better course in this case is limit the current phase of discovery to identifying any remaining Bivens defendants, as Plaintiff claim is there

-10-

intent, naming them as defendants, and permitting discovery to proceed upon a normal course.

III. CONCLUSION

Quashing the 30(b)(6) Notice, or limiting it to the matters identified in paragraphs 1 thru 4 as requested above, is warranted by the foregoing facts and argument.  Granting said relief would also result in this case in a more organized procedural posture for the Court to consider any remaining claims.  Most or all individuals sought to be identified by Plaintiffs can be made parties and discovery can proceed without all necessary persons being before the Court at the outset of discovery.  Furthermore, the FTCA claim against the United States, which is not yet required to serve a response, would not be affected to the extent that matters which might fall within the scope of the Notice relate in any way thereto.

WHEREFORE Defendant respectfully requests that the foregoing relief be granted.

>Respectfully Submitted,
>
>DAVID E. NAHMIAS
>UNITED STATES ATTORNEY
>
>  /s/ Alonzo H. Long
>ALONZO H. LONG
>ASSISTANT U.S. ATTORNEY
>600 U.S. Courthouse
>75 Spring St., S.W.
>Atlanta, Georgia 30303
>(404) 581-6067
>(404) 581-6150 (fax)
>Georgia Bar No. 402502

-11-

**IN THE**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| **MARIE JUSTEEN MANCHA**, *et al.*,   )<br>                                     )<br>            **Plaintiff**,             )<br>                                     )<br>   v.                                ) **Civil Case No. 1:06-cv-2650-TWT**<br>                                     )<br>**IMMIGRATION AND CUSTOMS**           )<br>**ENFORCEMENT**, *et al.*,             )<br>                                     )<br>            **Defendants**.            )<br>_____)| |

**CERTIFICATION PURSUANT TO RULE 26(c)**

    I, Alonzo H. Long, lead counsel for the United States in the above-styled matter, in connection with the accompanying Motion for Entry of Protective Order ("Motion") and as provided by Rule 26(c) of the Federal Rules of Civil Procedure, that I have in good faith attempted to confer with counsel for Plaintiffs in an effort to resolve without court action the matters upon which the Motion is based, as set forth below:

    1.    On April 18, 2007, the undersigned received an email from Plaintiffs' counsel Ms. Bauer, attached to which was a proposed notice for 30(b)(6) deposition. The undersigned was out of state at the time and did not receive the proposed notice until April 21, 2008.

    2.    In her email, Ms. Bauer stated that she intended to notice the deposition within the following two (2) weeks.

3. By return email of April 22nd, counsel indicated that he had been away since April 15th, was unavailable during the two week period of time referenced by Ms. Bauer, and further stated that, while he would be available for deposition during the week of May 5th, he would need to check with agency counsel concerning the availability of other required attendees.

4. Ms. Bauer responded by stating that she was not agreeable with scheduling the deposition any later than the week of May 5th.

5. Counsel spent the afternoon of April 22nd and most of the 23rd, reviewing the Notice with agency officials and other persons required to be consulted, to determine whether any objections to the Notice existed and which witness(es) might be designated to testify.

6. On April 24th, Ms. Bauer notified counsel during a telephone conference that Plaintiffs had, or intended to, modify the Notice to include "slightly amended" topics. During that same conference, counsel informed Ms. Bauer that Defendant had objections to the initial notice and suggested that the parties seek to resolve the matter. Counsel stated that he would be in depositions for most or all of April 25th and indicated that he would communicate with her in writing on April 28th. Ms. Bauer subsequently sent the amended notice, attached to an email, on April 24th.

7. The Amended Notice was filed with the court on April 25th.

8. On Monday, April 28th, counsel faxed to Ms. Bauer a copy of a letter outlining Defendant's objections to the Amended Notice. Counsel also proposed that Defendant provide written responses to the specific information falling within the non-objectionable areas of inquiry, as opposed to merely responding to the "existence and location" of that information as identified in the Amended Notice, in lieu of the deposition. Counsel requested a response by close of business.

9. On April 29th Ms. Bauer communicated by email stating that she had been out of the office for most of the previous day but would respond to counsel's letter that day. No response was received by counsel that day.

10. On Wednesday, April 30th, Ms. Bauer responded by letter, agreeing to accept the written information but declining to do so in lieu of the deposition. Said letter failed to address any of the objections raised in counsel's letter of April 28.

The foregoing is true and correct to the best of my knowledge information and belief. This the 1st day of May 2008.

        /s/ Alonzo H. Long
        Alonzo H. Long
        Assistant U.S. Attorney

CERTIFICATE OF COMPLIANCE

    I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing brief, has been typed using Courier New, 12 point.

                                      /s/ Alonzo H. Long
                                      ALONZO H. LONG
                                      ASSISTANT UNITED STATES ATTORNEY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/EFC system, which will send email notifications to all counsel of record.

This the 2nd day of May 2008.

                                                    /s/ Alonzo H. Long
                                                    ALONZO H. LONG
                                                    ASSISTANT UNITED STATES ATTORNEY