1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE JUSTEEN MANCHA, et al.,   )
                                )
        Plaintiffs,             )
                                )
-vs-                            )   Docket No. 1:06-CV-2650-TWT
                                )
IMMIGRATION AND CUSTOMS         )   April 11, 2008
ENFORCEMENT, et al.,            )   Atlanta, Georgia
                                )   9:30 a.m.
        Defendants.             )
                                )

TRANSCRIPT OF THE STATUS CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE THOMAS W. THRASH, JR.,
U.S. DISTRICT COURT JUDGE

APPEARANCES OF COUNSEL:

On behalf of the Plaintiffs:    Mary Bauer
                                Rhonda Brownstein
                                Brian Spears

On behalf of the Defendants:    Gjon Juncaj (By telephone)
                                Alonzo Long

*Proceedings recorded by mechanical stenography
and computer-aided transcript produced by*

SUSAN C. BAKER, RMR, CRR
2194 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GA  30303
(404) 215-1558



EXHIBIT A

1    THE COURT: Okay. This is a status conference being
2 held I believe at the request of the Plaintiffs.
3    MS. BROWNSTEIN: Yes, sir.
4    THE COURT: Mr. Spears?
5    MR. SPEARS: Your Honor, I am going to let Ms. Bauer
6 speak for Plaintiffs. Thank you.
7    THE COURT: All right.
8    MS. BAUER: Judge, we filed this request because we
9 had had some difficulty with the kind of procedural history in
10 the case in getting discovery started in this case. And we
11 have -- and essentially that's what we are here today to ask to
12 kind of set a timetable by which discovery would take place.
13 We are particularly concerned about getting discovery with
14 regard to the identity of the John Doe Defendants because there
15 could be Statute of Limitations issues. And there is case law
16 in the 11th Circuit that would permit us to begin -- that would
17 support our contention that we would be permitted to engage in
18 discovery as to their identity even now.
19    We are just about to serve the United States after
20 the amended complaint was filed. The summons have been issued,
21 and we are ready to proceed. So what we would ask of the Court
22 is clarity as to whether we can proceed with that discovery as
23 to the identity of the John Doe Defendants, some date certain
24 on which discovery would begin generally and a shorter time
25 frame for the U.S. to respond to the complaint. Because

4

1   although they have had 60 days, the allegations have been out
2   there for many, many months.  They certainly are aware of it
3   and have had adequate time to prepare.  They are essentially
4   the same factual allegations that have been filed since
5   November of 2006.  So I mean, we are here because we really
6   want to move this case forward and feel that we have an
7   obligation to move this case forward.
8           THE COURT:  Mr. Long?
9           MR. LONG:  Your Honor, Mr. Juncaj is going to respond
10  to that.
11          MR. JUNCAJ:  Yes, Your Honor.
12          I guess initially when the status conference request
13  was set it was prior to the Court's granting of the motion to
14  amend I guess the first amended complaint.  With respect to --
15  I guess from the position from the United States' point of view
16  I think a paramount matter is I guess to seek clarity as to
17  what the remaining claims are in this lawsuit and what has just
18  been added after the granting of the motion to amend and the
19  second amended complaint was filed with the Court.  And it
20  contains the claims that were previously dismissed by this
21  Court, specifically the allegations against Mr. Wiest and then
22  the first and second counts of the lawsuit against ICE or the
23  United States at that time.  So those I would assume are still
24  out of the lawsuit, although the second amended complaint still
25  reflects that they are in the lawsuit.

1  With respect to -- so I believe that we would need
2  some clarity as to whether, (A) the second amended complaint
3  should remain existent the way it is or if the parties perhaps
4  should agree for a third amended complaint to be filed so that
5  it's clear as to what's still left in this case. I don't know
6  if the Plaintiffs would have any objection to that or that
7  there is any argument really that certain matters have already
8  been dismissed.
9  Ms. Bauer, is that something that sounds right to
10 you?
11 MS. BAUER: Well, we understand that the claims have
12 been dismissed. I think our position would be in the interest
13 of avoiding further delay that your response could certainly
14 just be that no response is needed because those claims have
15 been dismissed. But it seemed to us that, you know, going
16 through a process of drafting another complaint and refiling
17 and extending the time period was -- I mean, we certainly can
18 do that if that is the Court's preference; but we are mostly
19 concerned about moving this forward and not implicating Statute
20 of Limitations issues.
21 MR. JUNCAJ: And as to the Statute of Limitations, I
22 imagine you are referring to the statute with respect to the
23 John Doe's who as we have held, as we have stated previously,
24 of course, we don't specifically represent those individuals.
25 But the Statute of Limitations I believe if I am correct would

1    run in September of '08 of this year.  Is that correct, two
2    years from the date of the event?
3            So that's I guess the deadline that the Plaintiffs
4    are looking at.
5            From the United States' perspective, as was our
6    position to begin with when we filed the motion to dismiss
7    previously the existing claims against the United States, I
8    think we took the position and I think we would stay with the
9    position that until the Government responds to the allegations
10   which previously have been dismissed that there shouldn't be
11   any discovery and that we should stick to what the local -- the
12   Federal Rules provide in terms of initiation of discovery.  In
13   this case, now that FTCA claims have been added, the order said
14   that the United States says it's basically been added to the
15   lawsuit which makes sense because the United States was
16   previously dismissed from the case and now has been added
17   again.
18           Mr. Long is going to be taking care of I guess
19   stepping in to handle the FTCA claims.  And I think he would --
20   rather than expediting his response, I think he would want the
21   60 days to respond to those allegations, however appropriate,
22   and then move forward with the case that way.
23           MR. LONG:  Yes, that would be correct, Your Honor.
24           THE COURT:  Well, this case has been in a procedural
25   morass, limbo, however you want to describe it, for a long,

1  long time. So it appears that the parties are in agreement as
2  to how to handle the claims in the latest amended complaint
3  that were dismissed. And, Mr. Juncaj, you can simply respond
4  to those when you file your answer as saying no response is
5  required because those claims have been dismissed.
6           I am going to allow discovery to begin immediately
7  and will allow a four-month period of discovery with the usual
8  qualification that if extraordinary circumstances arise you can
9  apply for an extension of time for discovery. I will not
10 shorten the time for the Government to answer since they say
11 they want the full 60 days. And since I'm allowing you to go
12 forward with discovery, I don't see any compelling reason to
13 require an expedited answer or other response to the latest
14 amended complaint. But the case has been pending a long, long
15 time; and it's time for it either to go away completely or to
16 go forward with discovery so that some resolution can
17 ultimately take place at some date in the future.
18          MR. LONG: Your Honor, if what they are looking for
19 are names, would the Court permit us to at least propose some
20 parameters limiting the extent to which discovery can take
21 place as opposed to just broad, blanket discovery, considering
22 also that these are Bivens claims, individual capacity claims
23 for which it is likely that the qualified immunity would be
24 raised at some point if these John Doe Defendants are
25 identified? We'd like to limit the scope of the discovery so

1  that it does not become overbroad.

2  THE COURT: Well, I am not going to try to impose any
3  limits today. If you want to file a motion for protective
4  order, Plaintiffs can respond and we will see where it ends up.

5  MR. LONG: All right, Judge. Thank you.

6  MR. JUNCAJ: Judge Thrash, I had one I guess other
7  point to follow up on. I guess at this point and with respect
8  to the FTCA claims those are the only ones that are -- well,
9  not remaining, but have been added against the United States.
10 To the extent that there may be a jurisdictional argument
11 against that or where the Government would posit that there is
12 no jurisdiction against the United States as to those claims,
13 would the Court's order -- assuming that were true, then the
14 only claims against the United States -- well, the United
15 States I'm assuming would be dismissed out of the lawsuit if
16 the jurisdictional claim was true. All that would be left
17 would be these unserved, unrepresented John Doe's.

18 I guess my question is would the Court still permit
19 discovery in that situation? Because I think there may be a
20 legitimate concern with the jurisdiction over the FTCA claims
21 at this point.

22 THE COURT: Well, I am not going to address that
23 right now, Mr. Juncaj. I want the case to start moving. And
24 if it ultimately stops moving, that'll be something to be
25 addressed on another day.

9

1 　　　　　MR. JUNCAJ: Fair enough.
2 　　　　　MS. BAUER: Thank you, Judge.
3 　　　　　THE COURT: All right. Mr. Spears, if you or
4 Ms. Bauer will prepare an order summarizing the ruling,
5 specifically that discovery may start immediately and proceed
6 for four months, get Mr. Long's approval as to form and present
7 it to me, I will be glad to sign it.
8 　　　　　MR. SPEARS: Yes, sir. And that would anticipate
9 including that the Court declined to shorten the time for the
10 answer?
11 　　　　　THE COURT: Correct.
12 　　　　　MR. SPEARS: I will include that as well.
13 　　　　　THE COURT: Right.
14 　　　　　Okay. That concludes the status conference. Thank
15 you very much.
16 　　　　　MR. JUNCAJ: Thank you.
17 　　　　　MR. LONG: Thank you, Your Honor.
18 　　　　　MS. BAUER: Thank you.
19 　　　　　(Proceedings adjourned at 9:42 a.m.)

10

## CERTIFICATE

UNITED STATES DISTRICT COURT:

NORTHERN DISTRICT OF GEORGIA:

      I hereby certify that the foregoing pages, 1 through 9, are a true and correct copy of the proceedings in the case aforesaid.

      This the 7th day of May, 2008.

_____

Susan C. Baker, RMR, CRR
Official Court Reporter
United States District Court