## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| MANCHA, et al., | ) |
|  | ) |
|  | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) **Case No. 1:06-CV-2650-TWT** |
| v. | ) |
|  | ) |
| IMMIGRATION AND CUSTOMS | ) |
| ENFORCEMENT, et al, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## IMMIGRATION AND CUSTOMS ENFORCEMENT

Plaintiffs Marie Justeen Mancha, through her next of friend Maria Christina Martinez, Maria Christina Martinez, Ranulfo Perez, Maria Margarita Morales, Gladis Alicia Espitia, and David Robinson, pursuant to Fed.R.Civ.P. 34, request the Defendant to produce for inspection and copying the documents set forth below. Electronic information, including but not limited to correspondence, documents, memoranda and reports should also be made available. Each and every document is to be produced at 400 Washington Ave, Montgomery, AL 36104, or in the alternative, may be mailed to the undersigned.



1

## DEFINITIONS AND INSTRUCTIONS

1.  The term "documents" shall have the meaning ascribed to it in
    Fed.R.Civ.P. 34(a).    This definition includes copies of written
    documents, along with electronically stored information as required
    by Fed.R.Civ.P. 34(b)(2)(E).

2.  The term "Defendant" means Defendant, Immigration and Customs
    Enforcement ("ICE"), a bureau of Defendant United States of
    America, and directors, managers, executive officers, employees or
    agents and anyone acting for or on its behalf.

3.  The term "Plaintiff" means the Plaintiffs named in this action, and all
    of their agents, representatives, and attorneys.

4.  The term "Action" shall mean the case entitled Plaintiffs, Marie
    Justeen Mancha, through her next Friend Maria Christina Martinez,
    Maria Christina Martinez, Ranulfo Perez, Maria Margarita Morales,
    Gladis Alicia Espitia, individually and on behalf of all others similarly
    situated, and David Robinson v. Immigration and Customs
    Enforcement, Michael Chertoff, Julie L. Myers, Marcy Forman,
    Kenneth A. Smith, Gregory L. Weist, John P. Torres, John Mata,
    Robert Rodriguez, John Does 1-30, and the United States of America,

2

CASE NO. 1:06-CV-2650 - TWT, pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

5.    The phrase "enforcement action" refers to immigration enforcement that took place at the Crider Poultry facilities in Stillmore, Georgia, and in the surrounding communities at any time during September 2006.

6.    The term "raids" refers to any enforcement action that took place at the Crider Poultry facilities in Stillmore, Georgia, and in the surrounding communities at any time during September 2006.

7.    The term "ICE" refers to Immigration and Customs Enforcement.

8.    If you contend that you are entitled to withhold from production any document

identified in an answer on the basis of privilege or other grounds, then you are required to supply the following information in your answer with respect to each and every such document:

    (a)    Describe the nature of the document (e.g, letter or memorandum);

    (b)    State the date of the document;

    (c)    Identify the persons who sent and received the original and a copy of the document;

    (d)    Identify the relationship of persons who sent and received the original and a copy of the document;

    (e)    State the subject matter of the document;

3

        (f)    State the basis upon which you contend you are entitled to withhold the document from production.

9.    This request is intended to cover all documents in possession of the Defendant or subject to its custody and control.

10.    Where the singular is used with reference to any person, document or item, it shall include the plural.

4

## Documents Requested

1.  Any and all documents, including but not limited to legal opinions, policy manuals, memoranda of understanding, governing search and seizure procedures and ICE conduct.

2.  Any and all documents, including but not limited to policy manuals, operating instructions, memoranda of understanding, regulating conduct of ICE officers during enforcement actions such as the enforcement action taken in and around Stillmore, GA around September 2006.

3.  Any and all documents reflecting the policy giving rise to the enforcement action taken at Crider Poultry Plant, Stillmore, GA at any time during September 2006;

4.  Any and all documents reflecting the identities of the individuals responsible for planning the enforcement action taken at the Crider Poultry Plant, Stillmore, GA, at any time during September 2006;

5.  Any and all documents reflecting the identities of the individuals involved in or present for the enforcement action taken at the Crider Poultry Plant, Stillmore, GA, at any time during September 2006;

6.  Any and all documents, including but not limited to any reports or memoranda, reflecting the outcome of the enforcement action taken at the Crider Poultry Plant, Stillmore, GA, at any time during September 2006;

7.  Any and all documents reflecting any complaints made to ICE for any enforcement action taken at the Crider Poultry Plant, Stillmore, GA on or about September 2006;

8.  Any and all photographs or other media about any personal injury or any property damage alleged to be caused during or related to

the enforcement action taken at the Crider Poultry Plant, Stillmore, GA, at any time during September 2006;

9. Any and all documents reflecting any response or action taken regarding any complaints made about enforcement action taken at the Crider Poultry Plant, Stillmore, GA on or about September 2006;

10. Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken at the Crider Poultry Plant, Stillmore, GA, at any time during September 2006;

11. Any and all documents, including but not limited to policy manuals or memoranda, governing the collaboration between ICE and state and local law enforcement agencies during enforcement actions such as the enforcement action taken in and around Stillmore, GA around September 2006.

12. Any and all documents showing any and all agreements between ICE or any other federal agency and state law enforcement, local police, sheriff officials or localities, and/or any other individuals related to enforcement taken in or around Stillmore, GA at any time during September 2006;

13. Any and all documents or memoranda reflecting the plan to involve state law enforcement, local law enforcement and/or any entity or individuals other than ICE or ICE agents in the enforcement action taken in and around Stillmore, GA at any time during September 2006;

14. Any and all documents related to the proposed or executed ICE enforcement actions taken in or around Stillmore, GA at any time during September 2006, including the scope, purpose, planning process, coordination, guidelines, policies, chain of command, and collaborations with local law enforcement;

15. Any and all documents or memorandum, reflecting attempts to communicate with and involve any other federal agency, state law

6

enforcement, local law enforcement and/or any entity or individuals other than ICE or ICE agents in the enforcement action taken in and around Stillmore, GA at any time during September 2006;

16. Any and all documents, including but not limited to any correspondence between ICE and any other federal agency, state law enforcement, local law enforcement and/or any entity or individuals or a memorandum of understanding, reflecting the agreement between ICE and state law enforcement, local law enforcement and/or any entity or individuals other than ICE or ICE agents to carry out the enforcement action taken in and around Stillmore, GA at any time during September 2006;

17. Any and all documents reflecting the identities of local law enforcement officials or individuals involved in carrying out the enforcement action taken in and around Stillmore, GA at any time during September 2006;

18. Any and all documents reflecting any complaints made to ICE for any law enforcement action taken in and around Stillmore, GA at any time during September 2006;

19. Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Stillmore, GA at any time during September 2006;

20. Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken in and around Stillmore, GA at any time during September 2006;

21. Any and all documents reflecting any response or action taken regarding any complaints made about law enforcement action taken in and around Stillmore, GA at any time during September 2006;

7

22. Any and all photographs or other media reflecting any personal injury or property damage alleged to be caused during or related to the enforcement action taken in and around Stillmore, GA at any time during September 5, 2006;

23. Any and all documents reflecting the policy giving rise to the enforcement action taken in Reidsville, GA at any time during September 2006;

24. Any and all documents reflecting the plan for the enforcement action taken in Reidsville, GA at any time during September 2006;

25. Any and all documents reflecting the identities of those involved in the enforcement action taken in Reidsville, GA at any time during September 2006;

26. Any and all documents, including but not limited to reports or memoranda, reflecting the outcome of the enforcement action taken in Reidsville, GA at any time during September 2006;

27. Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Reidsville, GA at any time during September 2006; .

28. Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken in and around Reidsville, GA at any time during September 2006;

29. Any and all documents reflecting any response or action taken regarding any complaints made about law enforcement action taken in and around Reidsville, GA at any time during September 2006;

30. Any and all photographs or other media reflecting any personal injury or property damage alleged to be caused during or related to

the enforcement action take in and around Reidsville, GA at any time during September 2006;

31.    Any and all documents reflecting the policy giving rise to the enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

32.    Any and all documents reflecting the plan for the enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

33.    Any and all documents reflecting the identities of the individuals involved in the enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

34.    Any and all documents, including but not limited to reports, memoranda, and email correspondence, reflecting the outcome of the enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

35.    Any and all documents reflecting any complaints made to ICE for any enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

36.    Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Stillmore, GA at any time during September 2006;

37.    Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

38.    Any and all photographs or other media reflecting any personal injury or property damage alleged to be caused during or related to the enforcement action take at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

39.  Any and all documents reflecting any response or action taken regarding any complaints made for any enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

40.  Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken at 73 Bronco Drive, Reidsville, GA at any time during September 2006;

41.  Any and all documents reflecting the policy giving rise to the enforcement action taken in and around Adrian, GA and Swainsboro, GA on or around September 5, 2006;

42.  Any and all documents reflecting the plan for the enforcement action taken at Adrian, GA and Swainsboro, GA on or around September 5, 2006;

43.  Any and all documents reflecting the identities of the individuals involved in the enforcement action taken in or around Adrian, GA and Swainsboro, GA on or about September 5, 2006;

44.  Any and all documents reflecting the outcome of the enforcement action taken in or around Adrian, GA and Swainsboro, GA on or about September 5, 2006;

45.  Any and all documents reflecting any complaints made to ICE for any enforcement action taken in or around Adrian, GA and Swainsboro, GA on or about September 5, 2006;

46.  Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Adrian, GA and Swainsboro, GA on or about September 5, 2006;

47.  Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken in

10

and around Adrian, GA and Swainsboro, GA on or about
September 5, 2006;

48.    Any and all photographs or other media reflecting personal injury
       or property damage alleged to be caused during or related to the
       enforcement action take at Adrian, GA and Swainsboro, GA on or
       about September 5, 2006;

49.    Any and all documents reflecting any response or action taken
       regarding any complaints made for any law enforcement action
       taken at Adrian, GA and Swainsboro, GA on or about September
       5, 2006;

50.    Any and all documents reflecting any response or action taken
       regarding any personal injury or property damage alleged to be
       caused during or related to the enforcement action taken in or
       around Adrian, GA and Swainsboro, GA on or about September 5,
       2006;

51.    Any and all documents reflecting the policy giving rise to the
       enforcement action taken at 18 Bear Road, Adrian, GA on or about
       September 5, 2006;

52.    Any and all documents reflecting the plan for the enforcement
       action taken at 18 Bear Road, Adrian, GA on or about September
       5, 2006;

53.    Any and all documents reflecting the identities of the individuals
       involved in searching the inside of Plaintiff Ranulfo Perez' home
       at  18 Bear Road, Adrian, GA on or about September 5, 2006;

54.    Any and all documents reflecting the identities of the individuals
       involved in searching the outside of Plaintiff Ranulfo Perez' home
       at  18 Bear Road, Adrian, GA on or about September 5, 2006;

55.    Any and all documents reflecting the identity of the person acting
       on behalf of ICE who spoke with Plaintiff Perez at 18 Bear Road,
       Adrian, GA on or about September 5, 2006;

56.   Any and all documents reflecting who gave the order to conduct a search in and around Plaintiff Perez' home;

57.   Any and all documents reflecting who gave the order to retreat from Plaintiff Perez' residence;

58.   Any and all documents, including but not limited to reports, and memoranda, reflecting the outcome of the enforcement action taken at Plaintiff Perez' home;

59.   Any and all documents reflecting any complaints made to ICE for any enforcement action taken at Plaintiff Perez' home;

60.   Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken at 18 Bear Rd., Adrian, GA on or about September 5, 2006;

61.   Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken at 18 Bear Road, Adrian, GA on or about September 5, 2006;

62.   Any and all photographs or other media reflecting personal injury or property damage alleged to be caused during or related to the enforcement action take at Plaintiff Perez' home;

63.   Any and all documents reflecting any response or action taken regarding any complaints made for any law enforcement action taken at Plaintiff Perez' home;

64.   Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken at Plaintiff Perez' home;

65.   Any and all documents reflecting the policy giving rise to the enforcement action taken in and around Oak Park, Georgia at any time during September 2006;

66.   Any and all documents reflecting the plan for the enforcement action taken at Oak Park, GA at any time during September 2006;

67.   Any and all documents reflecting the identities of the individuals involved in the enforcement action taken in or around Oak Park, GA at any time during September 2006;

68.   Any and all documents, including but not limited to reports or memoranda, reflecting the outcome of the enforcement action taken in or around Oak Park, GA at any time during September 2006;

69.   Any and all documents reflecting any complaints made to ICE for any law enforcement action taken in or around Oak Park, GA at any time during September 2006;

70.   Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Oake Park, GA at any time during September 2006;

71.   Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken in and around Oak Park, GA at any time during September 2006;

72.   Any and all photographs or other media reflecting personal injury or property damage alleged to be caused during or related to the enforcement action take at Oak Park, GA at any time during September 2006;

73.   Any and all documents reflecting any response or action taken regarding any complaints made for any law enforcement action taken at Oak Park, GA at any time during September 2006;

74.   Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be

13

caused during or related to the enforcement action taken in or around Oak Park, GA at any time during September 2006;

75. Any and all documents reflecting the policy giving rise to the enforcement action taken in and around 45 Long Bay Drive, Oak Park, Georgia on or about September 2, 2006;

76. Any and all documents reflecting the plan for the enforcement action taken at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

77. Any and all documents reflecting the identities of the individuals involved in the enforcement action taken in or around 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

78. Any and all documents reflecting the identity of the person or persons who were involved in the planning and ultimate decision-making to enter Plaintiff Espitia's residence.

79. Any and all documents reflecting the identity of the person acting on behalf of ICE who gave the order to enter Plaintiff Espitia's residence;

80. Any and all documents reflecting the identity of all persons acting on behalf of ICE who opened the door at Plaintiff Espitia's residence, located at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

81. Any and all documents reflecting the identity of the person acting on behalf of ICE who entered Plaintiff Espitia's residence;

82. Any and all documents, including but not limited to reports, and memoranda, reflecting the outcome of the enforcement action taken in or around 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

83. Any and all documents reflecting any complaints made to ICE for any law enforcement action taken in or around 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

14

84. Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

85. Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

86. Any and all photographs or other media about any personal injury or property damage alleged to be caused during or related to the enforcement action take at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

87. Any and all documents reflecting any response or action taken regarding any complaints made for any law enforcement action taken at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

88. Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken at 45 Long Bay Drive, Oak Park, GA on or about September 2, 2006;

89. Any and all documents reflecting the policy giving rise to the enforcement action taken in and around Metter, Georgia from September 3-7, 2006;

90. Any and all documents reflecting the plan for the enforcement action taken at Metter, GA from September 3-7, 2006;

91. Any and all documents reflecting the identities of the individuals involved in the enforcement action taken in or around Metter, GA from September, 3-7, 2006;

92. Any and all documents, including but not limited to reports and memorandum, reflecting the outcome of the enforcement action taken in or around Metter, GA from September 3-7, 2006;

93.  Any and all documents reflecting any complaints made to ICE for any law enforcement action taken in or around Metter, GA from September 3-7, 2006;

94.  Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken in and around Metter, GA at any time from September 3-7, 2006;

95.  Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken in and around Metter, GA on or about September 5, 2006;

96.  Any and all photographs or other media about personal or property damage alleged to be caused during or related to the enforcement action take in and around Metter, GA on or about September 7, 2006;

97.  Any and all documents reflecting any response or action taken regarding any complaints made for any enforcement action taken at Metter, GA on or about September 7, 2006;

98.  Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken in or around Metter, GA on or about September 7, 2006;

99.  Any and all documents reflecting the policy giving rise to the enforcement action taken on and around Turkey Ridge Road, Metter, Georgia on or about September 7, 2006;

100. Any and all documents reflecting the plan for the enforcement action taken at Turkey Ridge Road, Metter, GA on or about September 7, 2006;

101. Any and all documents reflecting the identity of the person or persons involved in planning the enforcement action at Plaintiff

16

Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2008;

102. Any and all documents reflecting the identity of the person or persons responsible for making the ultimate decision to engage in enforcement action at Plaintiff Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2008.

103. Any and all documents reflecting the identities of the individuals involved in the enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2006;

104. Any and all documents, including but not limited to reports and memoranda, reflecting the outcome of the enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2006;

105. Any and all documents reflecting any complaints made to ICE for any enforcement action taken at Plaintiff Robinson's trailer Park on Turkey Ridge Road in Metter, GA on or about September 7, 2006;

106. Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement offices related to the enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2006;

107. Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road, Metter, GA on or about September 7, 2006;

108. Any and all photographs or other media about any personal injury or property damage alleged to be caused during or related to the enforcement action taken at Plaintiff Robinson's trailer park in Metter, GA on or about September 7, 2006;

109. Any and all documents reflecting any response or action taken regarding any complaints made for any enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road in Metter, GA on or about September 7, 2006;

110. Any and all documents reflecting any response or action taken regarding any personal injury or property damage alleged to be caused during or related to the enforcement action taken at Plaintiff Robinson's trailer park on Turkey Ridge Road in Metter, GA on or about September 7, 2006;

111. Any and all documents reflecting the policy giving rise to the enforcement action taken in and around Plaintiff Robinson's trailer park located on Highway 46 in Metter, Georgia on or about September 5, 2006;

112. Any and all documents reflecting the plan for the enforcement action taken at Plaintiff Robinson's trailer park located on Highway 46 in Metter, Georgia on or about September 5, 2006;

113. Any and all documents reflecting the identities of the individuals involved in the enforcement action taken in or around Plaintiff Robinson's trailer park located on Highway 46 in Metter, Georgia on or about September 5, 2006;

114. Any and all documents, including but not limited to reports, and memoranda, reflecting the outcome of the enforcement action taken at Plaintiff Robinson's trailer park located on Highway 46 in Metter, Georgia on or about September 5, 2006;

115. Any and all documents reflecting any complaints made to ICE for any law enforcement action taken at Plaintiff Robinson's trailer park located on Highway 46 in Metter, Georgia on or about September 5, 2006;

116. Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls received by ICE or cooperating law enforcement

offices related to the enforcement action taken at Plaintiff
Robinson's trailer park located on Highway 46 in Metter, GA on or
about September 5, 2006;

117. Any and all documents reflecting any investigations resulting from
any complaints made to ICE for any enforcement action taken at at
Plaintiff Robinson's trailer park located on Highway 46 in Metter,
GA on or about September 5, 2006;

118. Any and all photographs or other media about any personal injury
or property damage alleged to be caused during or related to the
enforcement action take at Plaintiff Robinson's trailer park located
on Highway 46 in Metter, Georgia on or about September 5, 2006;

119. Any and all documents reflecting any response or action taken
regarding any complaints made for any law enforcement action
taken at Plaintiff Robinson's trailer park located on Highway 46 in
Metter, Georgia on or about September 5, 2006;

120. Any and all documents reflecting any response or action taken
regarding any personal injury or property damage alleged to be
caused during or related to the enforcement action taken Plaintiff
Robinson's trailer park located on Highway 46 in Metter, Georgia
on or about September 5, 2006;

121. Any documents, correspondence, and other records related to
Crider Poultry Plant, their operations or their employees;

122. Any and all documents reflecting information about non-
residential stops, questioning, or detention of individuals by ICE
agents in and around Stillmore, GA at any time during September
2006;

123. Any and all documents reflecting information about residential
questioning and detention of individuals by ICE agents in and
around Stillmore, GA at any time during September 2006;

124. Any and all documents reflecting inquiries or complaints made to
the ICE public affairs office relating to the enforcement action
taken in and around Stillmore, GA at any time during September

2006, including but not limited to any and all correspondence received or authored by Ernestine Fobbs and/or any other individual or individuals employed by the ICE public affairs office or their agents.

125. Any other documents, correspondence, or information related to the enforcement actions in and around Stillmore, GA at any time during September 2006.

Respectfully submitted,

Monica Ramirez
*Pro Hac Vice*, FL Bar No. 0711861
Mary C. Bauer
GA Bar No. 142213
Kelley M. Bruner
*Pro Hac Vice*, AL Bar No. 8115-K74B
Rhonda Brownstein
*Pro Hac Vice*, AL Bar No. 3193-064R
Morris Dees
*Pro Hac Vice*, AL Bar No. 7003-E50M
Genesis Fisher
*Pro Hac Vice*, NY Bar
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)

Paul L. Hoffman
*Pro Hac Vice*, CA Bar No. 071244
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
(310) 396-0731
(310) 399-7040 (fax)

Brian Spears
GA Bar No. 670112
LAW OFFICE OF BRIAN SPEARS
1126 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-7086
(404) 892-1128 (fax)

*Attorneys for Plaintiffs*

21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of Plaintiffs' First Request for Production on Counsel for the Defendant. This information has been served on this ⟨8⟩ day of April, 2008 by First-Class, postage prepaid, mail.

Mary Bauer
Attorney for Plaintiffs