UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE JUSTEEN MANCHA, et al., )
                                )
                                )    CASE NO. 1:06-CV-2650 - TWT
                                )
                Plaintiffs,     )
                                )
v.                              )
                                )
IMMIGRATION AND CUSTOMS         )
ENFORCEMENT, et al.,            )
                                )
                Defendants.     )

## SECOND REQUEST FOR PRODUCTION TO DEFENDANT IMMIGRATION AND CUSTOMS ENFORCEMENT ON BEHALF OF PLAINTIFF MARIA MARGARITA MORALES

Plaintiff Maria Margarita Morales, pursuant to Fed. R. Civ. P. 34, requests that the Defendant produce for inspection and copying the documents set forth below. Electronic information, including but not limited to correspondence, documents, memoranda and reports should also be made available. Each and every document is to be produced at 400 Washington Ave, Montgomery, AL 36104, or in the alternative, may be mailed to the undersigned.

### DEFINITIONS AND INSTRUCTIONS

1.    The term "documents" shall have the meaning ascribed to it in Fed. R. Civ. P. 34(a). This definition includes copies of written documents,

1



EXHIBIT
𝐷

along with electronically stored information as required by Fed. R. Civ. P. 34(b)(2)(E). A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "Defendant" means Defendant Immigration and Customs Enforcement ("ICE"), a bureau of Defendant United States of America, and directors, managers, executive officers, employees or agents, and anyone acting for or on ICE's behalf.

3. The term "Plaintiff" means the identified Plaintiff or Plaintiffs named in this action, and where applicable, all of their agents, representatives, and attorneys.

4. The term "Action" shall mean the case entitled <u>Mancha, *et al.* v. Immigration and Customs Enforcement, *et al.*</u>, CASE NO. 1:06-CV-2650 - TWT, pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

5. The phrase "enforcement action" refers to immigration enforcement that took place at the Crider Poultry facilities in Stillmore, Georgia, and in the surrounding communities at any time during September 2006, or any related preparatory or investigatory activities preceding or during September 2006.

2

6. The term "raids" refers to any enforcement action that took place at the Crider Poultry facilities in Stillmore, Georgia, and in the surrounding communities at any time during September 2006.

7. The term "ICE" refers to Immigration and Customs Enforcement.

8. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.   When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

10. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

11. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

12. The following rules of construction apply to this discovery demand:

A.    All/Each. The terms "all" and "each" shall be construed as all and each.

B. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C. Number. The use of the singular form of any word includes the plural and vice versa.

13. If you contend that you are entitled to withhold from production any document identified in an answer on the basis of privilege or other grounds, then you are required to supply the following information in your answer with respect to each and every such document:

    (a) Describe the nature of the document (e.g, letter or memorandum);

    (b) State the date of the document;

    (c) Identify the persons who sent and received the original and a copy of the document;

    (d) Identify the relationship of persons who sent and received the original and a copy of the document;

    (e) State the subject matter of the document;

    (f) State the basis upon which you contend you are entitled to withhold the document from production.

14. This request is intended to cover all documents in possession of the Defendant or subject to its custody and/or control.

.4

15.   Where the singular is used with reference to any person, document or

item, it shall include the plural.

## Documents Requested

1.   Any and all documents, including but not limited to legal opinions, policy manuals, memoranda of understanding, governing memoranda and manuals reflecting the policies and procedures utilized to conduct interrogations by ICE officers and agents.

2.   Any and all documents reflecting the policy giving rise to the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

3.   Any and all documents reflecting the plan for the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

4.   Any and all documents reflecting the identities of those involved in the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

5.   Any and all documents, including but not limited to reports or memoranda, reflecting the outcome of the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

6.   Any and all documents, including but not limited to recordings, tapes, analog and digital files, paper logs, computer programs or files, video, and any other electronic media, related to the storage of dispatch calls, or the dispatch calls themselves, received by ICE or cooperating law enforcement offices related to the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

7. Any and all documents reflecting any investigations resulting from any complaints made to ICE for any enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

8. Any and all documents reflecting any response or action taken regarding any complaints made about law enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

9. Any and all photographs or other media reflecting any personal injury or property damage alleged to be caused during or related to the enforcement action taken that involved stopping Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

10. Any and all documents reflecting the identities of those present when Plaintiff Morales was stopped on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

11. Any and all documents reflecting the identities of any and all officers involved in the enforcement action taken against Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006;

12. Any and all documents reflecting the identities of those who interrogated Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia on or about September 1, 2006;

13. Any and all documents, including but not limited to memoranda or reports, detailing the decision to stop Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia on or about September 1, 2006;

14. Any and all documents, reflecting the content of the conversation between ICE agents and Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia on or about September 1, 2006;

6

15.   Any and all documents reflecting the identity of the person(s) who gave the order to cease talking to Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia on or about September 1, 2006;

16.   Any and all documents, including but not limited to reports or memoranda, reflecting decisions made, conclusions reached, subsequent actions taken or considered, debriefing, and/or any other outcomes arising out of the ICE agents' having talked to Plaintiff Morales on Old Kenfield Road in or around Stillmore, Georgia, on or about September 1, 2006.

Respectfully submitted,

/s/ Mary C. Bauer
Mary C. Bauer
GA Bar No. 142213
Mónica Ramírez
*Pro Hac Vice*, FL Bar No. 0711861
Kelley M. Bruner
*Pro Hac Vice*, AL Bar No. 8115-K74B
Rhonda Brownstein
*Pro Hac Vice*, AL Bar No. 3193-064R
Morris Dees
*Pro Hac Vice*, AL Bar No. 7003-E50M
Genesis Fisher
*Pro Hac Vice*, NY Bar
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)

Paul L. Hoffman
*Pro Hac Vice*, CA Bar No. 071244
SCHONBRUN DESIMONE SEPLOW

7

HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
(310) 396-0731
(310) 399-7040 (fax)

Brian Spears
GA Bar No. 670112
LAW OFFICE OF BRIAN SPEARS
1126 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-7086
(404) 892-1128 (fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of Plaintiffs' First Request for Production on Counsel for the Defendant. This information has been served on this 2nd day of May, 2008 by First-Class, postage prepaid, mail.


 /s/ Mary C. Bauer
Mary C. Bauer
Attorney for Plaintiffs