IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE JUSTEEN MANCHA
through her Next Friend Maria
Christina Martinez, et al.,

    Plaintiffs,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-2650-TWT

ORDER

This is a civil rights case. It is before the Court on four different motions. For the reasons stated below, the Defendant's Motion to Dismiss [Doc. 148] is DENIED; the Plaintiffs' Motion for Leave to File Third Amended Complaint [Doc. 152] is GRANTED; the Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion to File a Third Amended Complaint [Doc. 153] is GRANTED; and the Defendant's Motion for Protective Order Staying Discovery on the FTCA and the Bivens Claims [Doc. 150] is DENIED.

T:\ORDERS\06\Mancha\mtd3twt.wpd

I.  Background

This case arises out of an immigration enforcement operation.  In September 2006, United States Immigration and Customs Enforcement (ICE), conducted a series of immigration raids in southeast Georgia.  The raids targeted illegal aliens that allegedly had been working at a poultry plant in Stillmore, Georgia.  The Plaintiffs, though, are United States citizens that in one way or the other got caught up in the raids.  The Plaintiffs say that, in the search for illegal aliens, ICE agents committed intentional torts against them and violated their constitutional rights.

In the Second Amended Complaint, the Plaintiffs assert Federal Tort Claims Act (FTCA) claims against the Defendant United States of America.  The FTCA claims are for false imprisonment, assault, battery, and trespass.  The Plaintiffs also assert Bivens[1] claims against the Defendants John Does 1-30.  The John Does were federal law enforcement agents employed by ICE.  The "Plaintiffs are ignorant of the true names of Defendants John Does 1-30 and therefore sue these Defendants by such fictitious names."  (Second Am. Compl. ¶ 22.)  The Bivens claims are for violation of the Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The Defendant United States of America now moves to dismiss all of the Plaintiffs' claims. The Defendant says that the FTCA claims should be dismissed because the Plaintiffs failed to exhaust their administrative remedies, the claims fall under the discretionary function exception, and the Plaintiffs fail to state viable tort claims under Georgia law. The Defendant says that the Bivens claims should be dismissed because the claims are against unidentified John Does. There are also three other pending motions that are related to the Defendant's motion to dismiss. The Plaintiffs move for leave to file a Third Amended Complaint. The Defendant moves for an extension of time to respond to the Plaintiffs' Motion to File a Third Amended Complaint. And the Defendant moves for a protective order staying all discovery on the FTCA claims and the Bivens claims.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts

pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

The Defendant says that the FTCA claims should be dismissed because the Plaintiffs failed to exhaust their administrative remedies. The FTCA generally waives the sovereign immunity of the United States for tort claims. The FTCA provides that:

> [T]he district courts . . . shall have have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). But exhaustion of administrative remedies is a prerequisite to filing a FTCA claim. The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section." Id.

The Plaintiffs, however, properly exhausted their administrative remedies before filing the FTCA claims. The Plaintiffs' original complaint was filed on November 1, 2006. In the original complaint, the Plaintiffs asserted Bivens claims against Defendants John Does 1-30 and claims for injunctive and declaratory relief against Defendants ICE, Michael Chertoff, Julie L. Myers, Marcy Forman, and Kenneth A. Smith.[2] The Plaintiffs did not assert any FTCA claims or name the United States as a Defendant. Then from January 18, 2007, until March 19, 2007, the Plaintiffs say that they filed administrative claims with ICE. The Plaintiffs say that ICE did not make a final diposition of their claims within six months, and so on October 4, 2007, the Plaintiffs moved for leave to file a Second Amended Complaint.

---

[2]The claims for injunctive and declaratory relief were later dismissed. [Doc. 97.]

The motion was granted. The Plaintiffs, for the first time, now assert FTCA claims and name the United States as a Defendant. Exhaustion of administrative remedies is a prerequisite to filing a FTCA claim. The Plaintiffs satisfied this prerequisite by waiting to amend their complaint until after their administrative claims were finally denied by ICE. Cf. Braud v. Transport Serv. Co., 445 F.3d 801, 804 (5th Cir. 2006) ("[A]mendments that add a defendant 'commence' the civil action as to the added party.").

The Defendant says that the case law clearly establishes that the "Plaintiffs' approach of initiating a lawsuit, then exhausting their administrative remedies, then attempting to add FTCA claims to the suit must fail." (Mot. to Dismiss, at 7.) But almost all of the cases that the Defendant cites are distinguishable. Those cases involved plaintiffs that asserted FTCA claims in the original complaint and then tried to amend the complaint after exhausting their administrative remedies. See, e.g., Sparrow v. United States Postal Serv., 825 F. Supp. 252, 255 (E.D. Cal. 1993). That approach is clearly prohibited by the FTCA because it involves filing a FTCA claim before exhaustion of administrative remedies. The Plaintiffs did not take that approach in this case. The Defendant cites only one case that addressed similar facts. See Boatwright v. Chipi, No. CV207-38, 2008 WL 819315, *15 (S.D. Ga. Mar. 26, 2008). But the reasoning in that case is not consistent with the text or purpose of the

exhaustion prerequisite, and so the case is not persuasive. The Defendant also says that the Second Amended Complaint should relate back to the date of the original complaint, at which point the Plaintiffs had not exhausted their administrative remedies. See Fed. R. Civ. P. 15(c)(1). But the Second Amended Complaint does not meet the requirements for relation-back. See Wayne v. Jarvis, 197 F.3d 1098, 1102-04 (11th Cir. 1999). Therefore, the Plaintiffs properly exhausted their administrative remedies before filing their FTCA claims.

B. Discretionary Function Exception

The Defendant says that the FTCA claims should be dismissed because the claims fall under the discretionary function exception. Although the FTCA generally waives the sovereign immunity of the United States for tort claims, the FTCA also contains several exceptions. These exceptions retract the FTCA's general waiver of sovereign immunity. One exception is the discretionary function exception. The discretionary function exception provides that:

> The provisions of this chapter and section 1346(b) [the general waiver of sovereign immunity] shall not apply to–
>
> (a) Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  Another exception is the intentional torts exception.  Before 1974, the intentional torts exception provided that:

> The provisions of this chapter and section 1346(b) [the general waiver of sovereign immunity] shall not apply to–
>
> . . . .
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 U.S.C. § 2680(h) (1970).  But in 1974 Congress amended the FTCA by tacking on a proviso to deal with abuses committed by federal investigative and law enforcement officers.  The law enforcement proviso restricts the scope of the intentional torts exception and affirmatively waives sovereign immunity for several specified torts.  The intentional torts exception, along with the law enforcement proviso, now provides that:

> The provisions of this chapter and section 1346(b) [the general waiver of sovereign immunity] shall not apply to–
>
> . . . .
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: <u>Provided</u>, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) [the general waiver of sovereign immunity] shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious

prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

The Defendant says that the FTCA claims fall under the discretionary function exception–which retracts sovereign immunity–because the claims are based upon the exercise of a discretionary function on the part of ICE agents. But the Plaintiffs say that the FTCA claims for false imprisonment, assault, and battery fall under the law enforcement proviso–which affirmatively waives sovereign immunity–because the claims involve acts of investigative or law enforcement officers. The Defendant does not dispute that those claims fall under the law enforcement proviso, but instead says that the Plaintiffs must first overcome the "threshold hurdle" of the discretionary function before relying on the law enforcement proviso. But the Eleventh Circuit has explicitly rejected the Defendant's argument and held that where "the [law enforcement] proviso applies to waive sovereign immunity, the exception to waiver contained in [the discretionary function exception] is of no effect. To the extent of any conflict, the later enacted and more specific [law enforcement] proviso trumps the earlier and more general [discretionary function exception], as Congress clearly intended that it would." <u>Nguyen v. United States</u>, 556 F.3d 1244, 1260 (11th Cir.

2009). Therefore, the FTCA claims for false imprisonment, assault, and battery, do not fall under the discretionary function exception.

This does not, however, resolve all of the FTCA claims in this case. In addition to false imprisonment, assault, and battery, the Plaintiffs assert FTCA claims for trespass. Trespass is not included on the list of specified torts contained in the law enforcement proviso. It must, therefore, be decided whether the FTCA claims for trespass fall under the discretionary function. There is "two-part test for determining whether the government's conduct falls within the scope of the discretionary function exception." Autery v. United States, 992 F.2d 1523, 1526 (11th Cir. 1993). The first question is "whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice." Id. The second question is whether the "challenged actions are the kind of conduct 'that the discretionary function exception was designed to shield.'" Id. at 1527 (quoting United States v. Gaubert, 499 U.S. 315, 332 (1991)).

The Plaintiffs have alleged facts that, if true, establish that the government's conduct violated a mandatory regulation or policy that allowed no judgment or choice. The Plaintiffs say that ICE agents came to their homes to search for illegal aliens. And, for every search, the Plaintiffs say that ICE agents entered their homes without producing a warrant, without asking for permission, and without exigent

circumstances. (Second Am. Compl. ¶¶ 37, 47, 68, 72.) If those allegations are true, then the government's conduct not only constituted trespass, but it also violated the Plaintiffs' Fourth Amendment rights to be free from unreasonable searches and seizures. That the government's conduct allegedly violated the Plaintiffs' constitutional rights means that the conduct was not discretionary. "There is no reason to believe that Congress ever intended to commit to an agency's discretion the question of whether or not to act constitutionally. The law . . . is that adherence to constitutional guidelines is not discretionary; it is mandatory." Rosas v. Brock, 826 F.2d 1004, 1008 (11th Cir. 1987).[3] Therefore, to the extent that the Plaintiffs' FTCA claims for trespass involve unconstitutional conduct, the claims do not fall under the discretionary function exception.

The Defendant says that, if any of the FTCA claims fall under the discretionary function exception, the Court lacks subject matter jurisdiction over those claims. See Cohen v. United States, 151 F.3d. 1338, 1340 (11th Cir. 1998). The Defendant, therefore, says that the Court should treat this motion as a factual attack on subject matter jurisdiction. "Factual attacks . . . challenge the existence of subject matter

---

[3]Although the court in Rosas was interpreting the Disaster Relief Act of 1975, the phrase "discretionary function" has essentially the same meaning in that statute as it does in the FTCA. See St. Tammany Parish v. Federal Emergency Mgmt. Agency, 556 F.3d 307, 319 (5th Cir. 2009) (noting that the relevant language of the statutes is identical and that courts give both statutes the same interpretation).

jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation marks omitted). This would mean looking beyond the Plaintiffs' complaint and deciding whether, in fact, the government's conduct violated a mandatory regulation or policy that allowed no judgment or choice. In this case, that means deciding whether the government's conduct violated the Plaintiffs' constitutional rights. But it is not clear that the Defendant actually treated this motion as a factual attack. When discussing the circumstances of the trespass, the Defendant said that, "[a]ccepting solely for the purposes of this argument Plaintiffs' allegations which assert the lack of a warrant, probable cause, exigent circumstances, or consent to enter, . . . the susceptibility of the operation to policy analysis [means that] the manner in which the federal agents carried out their search [falls under the discretionary function exception]." (Mot. to Dismiss, at 17.) This language suggests that this motion should be treated as a factual attack and that the allegations should be accepted as true. See Hughes v. United States, 110 F.3d 765, 768 n.1 (11th Cir. 1997) (similar facts). Even if the Defendant had more clearly raised a factual attack, a factual determination of whether the government's conduct violated the Plaintiffs' constitutional rights would likely implicate the merits of the Plaintiffs' FTCA claims for trespass. In that situation,

"well established precedent requires [a court], in ruling on a motion to dismiss, to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Garcia v. Copenhaver, Bell & Assocs. M.D.'s, P.A., 104 F.3d 1256, 1258 (11th Cir. 1997).

### C.  Viable Tort Claims Under Georgia Law

The Defendant says that the Plaintiffs fail to state viable tort claims under Georgia law.  The FTCA does not itself provide the substantive law for tort claims against the United States.  Instead, liability is determined "in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  And the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."  28 U.S.C. § 2674.  The acts in this case occurred in Georgia, and so the question is whether the Plaintiffs have stated viable claims for false imprisonment, assault, battery, and trespass, under Georgia law.

The Plaintiffs have alleged facts that, if true, establish that the ICE agents committed the torts of false imprisonment, assault, battery, and trespass, under Georgia law. The Defendant's arguments to the contrary should not be considered on a motion to dismiss.  For example, the Defendant says that "[i]n regard to the assault and battery claims of [Plaintiff] Perez, [deposition testimony] discloses that a younger

male who was with Perez, reached into the truck, pulled out a carpenter square, held it with both hands as officers, in full uniform and clearly identified as ICE agents approached." (Mot. to Dismiss, at 19.) But this argument requires the Court to consider matters outside the pleadings. This argument, along with similar arguments made by the Defendant on this issue, is more properly considered on a motion for summary judgment. Therefore, the Plaintiffs have adequately stated viable tort claims under Georgia law.

### D. Unidentified John Does

The Defendant says that the Bivens claims should be dismissed because the claims are against unidentified John Does. But the Plaintiffs have since filed a Motion for Leave to File Third Amended Complaint. [Doc. 152.] The Proposed Third Amended Complaint identifies the John Does by their actual names, and so the real issue is whether allow the amendment. See Graham v. Medtronic, Inc., No. 6:06-cv-948-Orl-19JGG, 2006 WL 2194012, *2 (M.D. Fla. Aug. 2, 2006). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where there has been undue delay or where the amendment would be futile. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984); Burger King Corporation v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Defendant says that leave to amend should be denied because the Proposed Third Amended Complaint does not adequately plead Bivens claims, and, therefore, the amendment would be futile. The Defendant's main objection is that, for many allegations, the Plaintiffs fail to specifically identify which agent was responsible. For example, the Plaintiffs say that "six to eight vehicles drove into [Plaintiff Perez'] yard and parked in such a manner as to block the only entrance or exit to Plaintiff Perez' property. Approximately fifteen agents exited the vehicles. They immediately pulled their weapons and began to approach Plaintiff Perez and surround his home." (Proposed Third Am. Compl. ¶ 68.) Then "[w]ithout even asking for Plaintiff Perez' name, one of the agents grabbed Plaintiff Perez by the front of his shirt, jammed his gun into Plaintiff Perez' side, and threw him against his truck." (Id. ¶ 69.) The Plaintiffs do not specifically identify which agent jammed a gun into Plaintiff Perez' side, but instead say that "Defendants Jeremy Blankley, Larry Orton, Marc Stressinger, Phillip Scott, Michael Nelson, Evan Katz, and Charles Hicks personally participated in and were responsible for the detention, interrogation, and arrest activities involving Plaintiff Perez." (Id. ¶ 76.)

The fact that the Defendants are collectively accused does not mean that the Proposed Third Amended Complaint fails to adequately plead Bivens claims. Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). For most of the allegations, "the

complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Id. It is true that some allegations, such as the allegation by Plaintiff Perez that "one of the agents" jammed a gun into his side, could have only been committed by one Defendant. But for those allegations, it is possible, even if unlikely, that all of the Defendants are responsible for the alleged conduct under a failure to intervene theory of liability. Cf. Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."). Moreover, the only discovery in this case so far has been the deposition of one ICE agent. The Defendant has resisted all of the other attempts at discovery by the Plaintiffs. To require that the Plaintiffs specifically indicate how each Defendant is responsible for each allegation at this point in the litigation is not necessary. "More specificity can be developed as the case proceeds." Kyle K., 208 F.3d at 944. Therefore, the Plaintiffs should be granted leave to file a Third Amended Complaint.

There are two remaining motions to discuss. The Defendant has a motion for an extension of time to respond to the Plaintiffs' Motion to File a Third Amended Complaint. The Defendant's motion is granted, and so its response is considered timely. The Defendant also has a motion for a protective order staying all discovery

on the FTCA claims and the Bivens claims.  The Defendant's motion is denied as moot.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 148] is DENIED; the Plaintiffs' Motion for Leave to File Third Amended Complaint [Doc. 152] is GRANTED; the Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion to File a Third Amended Complaint [Doc. 153] is GRANTED; and the Defendant's Motion for Protective Order Staying Discovery on the FTCA and the Bivens Claims [Doc. 150] is DENIED.

SO ORDERED, this 31 day of March, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge