IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE JUSTEEN MANCHA
through her Next Friend Maria
Christina Martinez, et al.,

   Plaintiffs,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-2650-TWT

ORDER

This is a civil rights case. It is before the Court on the Plaintiffs' Motion for a Protective Order [Doc. 204]. For the reasons stated below, the Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

I. Background

This case arises out of an immigration enforcement operation. In September 2006, the United States Immigration and Customs Enforcement (ICE) conducted a series of immigration raids in southeast Georgia. The raids targeted illegal aliens that allegedly were working at a poultry processing plant in Stillmore, Georgia. The Plaintiffs are United States citizens that in one way or another got caught up in the

raids. The Plaintiffs say that, in the search for illegal aliens, ICE agents committed intentional torts against them and violated their constitutional rights. While the Plaintiffs are United States citizens, the Plaintiffs say that some of the witnesses to the immigration raids are not. The Plaintiffs say that these witnesses are worried about testifying in this case because of their immigration status. The Plaintiffs, therefore, move for a protective order that: (1) prohibits any discovery into the immigration status of witnesses; (2) prohibits the Defendants from taking immigration action against individuals as a result of information gained through this litigation; (3) allows witnesses that are not United States citizens to participate anonymously; and (4) allows witnesses that are not United States citizens to be deposed only by telephone.

## II.  Legal Standard

The Federal Rules of Civil Procedure favor full discovery whenever possible. But the Rules also provide district courts with the discretion to set limits on discovery. Rule 26, for example, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Although difficult to define in absolute terms, [good cause] generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litigation, 820 F.2d 352, 356 (11th Cir. 1987). "In addition to requiring good cause, this circuit has also required [district courts] to

balance the interests of those requesting the order." McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989).

### III. Discussion

The Court will discuss each aspect of the requested protective order separately. The Plaintiffs have shown good cause to prohibit discovery into the immigration status of witnesses. The Plaintiffs have a reasonable interest in keeping the immigration status of their witnesses confidential. Even "new legal residents or citizens may feel intimidated by the prospect of having their immigration history examined in a public proceeding." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1065 (9th Cir. 2004). Indeed, "courts have generally recognized the in terrorem effect of inquiring into . . . immigration status." Topo v. Dhir, 210 F.R.D. 76, 78 (S.D.N.Y. 2002). By contrast, the Defendants have a weak interest in discovery regarding the immigration status of witnesses. This case is about whether the United States Immigration and Customs Enforcement (ICE) agents committed intentional torts against the Plaintiffs in violation of the Plaintiffs' constitutional rights. The immigration status of a witness is not relevant to whether the witness saw the tort or constitutional violations take place. And, to the extent that the Defendants believe that the presence of illegal aliens is relevant to their defense, "[the] Defendants will need to show that a legitimate police concern existed at the time of the [immigration raids]

not by evidence obtained through later discovery." De La O v. Arnold-Williams, No. Cv-04-192-EFS, 2006 U.S. Dist. LEXIS 76816, *11 (E.D. Wash. Oct. 20, 2006).

The Plaintiffs, however, have not shown good cause to prohibit the Defendants from taking immigration-related action against individuals as a result of information gained through this litigation. This aspect of the protective order appears to go beyond the discovery issues discussed in Rule 26, and instead affects the lawful authority of the Defendants to enforce immigration laws. It is not clear how the Court could enforce a protective order of this nature, and the Plaintiffs have not cited any cases that support their request. Indeed, it appears that the only court that has addressed a similar protective order denied the motion because of its "doubtful propriety." Jane Doe 1 v. Merten, 219 F.R.D. 387, 395 (E.D. Va. 2004) (denying a protective order that would have prohibited disclosure of the plaintiffs' immigration status to the federal government).

The Plaintiffs also have not shown good cause to allow witnesses that are not United States citizens to participate anonymously. The Plaintiffs say that some witnesses are afraid that if their identities are revealed, they will be targeted by the Defendants for criminal prosecution or deportation. While this is a legitimate concern, the Defendants have an equally strong interest in knowing the identity of witnesses that intend to testify against them. Cf. James v. Jacobson, 6 F.3d 233, 238

(4th Cir. 1993) (noting that courts should consider "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously"). Whether ICE agents committed intentional torts against the Plaintiffs and violated the Plaintiffs' constitutional rights is a factual dispute, in which witness testimony will be crucial. But, if some witnesses are allowed to participate anonymously, the Defendants may not have a full and fair opportunity to respond to their testimony. As the Defendants explain, "[o]ne or more of the witnesses whose identities [the] Plaintiffs seek to conceal may have been among those whom [ICE] agents sought to apprehend." (Defs.' Response in Opp'n to Pls.' Mot. for a Protective Order, at 7.)[1] In addition to the Defendants' interest, there is also a strong public interest in the "customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992); see also Merten, 219 F.R.D. at 392 ("[I]mmigration status is simply not the type of 'personal information of utmost intimacy' that warrants abandoning the presumption of openness in judicial

---

[1] That there are significant factual disputes distinguishes this case from the cases cited by the Plaintiffs. In those cases, the suits involved challenges to general practices or regulations that involved purely legal issues and were not affected by allowing the plaintiffs to proceed anonymously. See, e.g., Fross v. County of Allegheny, Civil Action No. 08-1405, 2008 WL 4610290, *2 (W.D. Pa. October 16, 2008) ("[T]he legal nature of the case favors [anonymity].").

proceedings."). The Plaintiffs have not shown that the witnesses' interest in privacy outweighs the interests of the Defendants and the public to open judicial proceedings.

The Plaintiffs also have not shown good cause to allow witnesses that are not United States citizens to be deposed only by telephone. The Plaintiffs vaguely state that these witnesses "will fear arrest by ICE agents if they appear in person at the deposition." (Pls.' Memorandum of Law in Supp. of Their Mot. for a Protective Order, at 24.) But this concern is too speculative to support a protective order. See 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (2d ed. 1994) ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.").

## IV.  Conclusion

For the reasons stated above, the Plaintiffs' Motion for a Protective Order [Doc. 204] is GRANTED to prohibit any discovery into the immigration status of witnesses and is DENIED in all other respects.

SO ORDERED, this 6 day of April, 2009.

                                          /s/Thomas W. Thrash
                                          THOMAS W. THRASH, JR.
                                          United States District Judge